UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD O. JACKMON,<br>Petitioner,<br>v.<br>CRAIG KOEING,<br>Respondent. | Case No. 18-cv-07346-PJH<br><br>**ORDER OF DISMISSAL** |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2016 parole denial by the Board of Parole Hearings ("BPH"). The parole denial occurred in Monterey County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

## BACKGROUND

In 1987 petitioner was sentenced to an indeterminate term of life in state prison with the possibility of parole with a base minimum of seven years and a determinate term of fifteen years. Parole has been denied on several occasions, the most recent in 2016. He filed state habeas petitions challenging the 2016 parole denial, but the petitions were denied.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

1  § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner alleges that: 1) the state law regarding parole is unsettled; 2) he received an unauthorized sentence; and 3) his prison term is constitutionally disproportionate.

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor. *See Swarthout v. Cooke*, 562 U.S. 216 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. *Id.* at 220-21. Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. *Id.* at 221; *Miller v. Oregon Bd. of Parole and Post– Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Swarthout* that in the context of parole eligibility decisions the due process right is

2

*procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. *Swarthout* at 220. The Ninth Circuit has acknowledged that after *Swarthout*, substantive challenges to parole decisions are not cognizable in habeas. *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011).

Petitioner generally argues that he has been incarcerated for a period longer than his adjusted base term in violation of state and federal law. He also argues that the BPH failed to follow the settlement reached in the state court case of *In re Butler*.

The case of *In re Butler* actually comprises two cases: one dealing with Butler's suitability for parole, formerly published at 224 Cal. App. 4th 469 (2014) and ordered depublished, now appearing at 169 Cal. Rptr. 3d 1; and a separate lawsuit, 236 Cal. App. 4th 1222 (Cal. Ct. App. 2015), relating to the issues discussed above. The settlement in the latter case requires the BPH to announce and implement the procedures petitioner herein contends should be applied to him. *See in re Butler*, 236 Cal. App. 4th 1222 (Cal. Ct. App. 2015). The *Butler* court held that the stipulated order settling the case applied to a class of California prisoners. *In re Butler*, 236 Cal. App. 4th at 1244. The calculating of the base and adjusted base terms at the outset of a sentence assists the courts in determining whether an indeterminate sentence is becoming excessive, or is in fact excessive. *In re Butler*, 236 Cal. App. 4th at 1243-44.[1] This calculation may discourage the BPH from unduly denying parole suitability, but *Butler* does not mandate that BPH find in a prisoner's favor at any particular time. *Id.* Thus, the calculation of base and/or an adjusted base term in petitioner's case would have only a speculative effect on

---

[1] California's parole scheme contemplates that a prisoner sentenced to a term of years to life must be found suitable for parole before a parole date can be set. Criteria for determining whether a prisoner is suitable for parole are set forth in California Penal Code section 3041(b) and related implementing regulations. *See* Cal. Code Regs. tit. 15, § 2402. If, pursuant to the judgment of the panel, a prisoner will pose an unreasonable danger to society if released, he must be found unsuitable and denied a parole date. Cal. Code Regs. tit. 15, § 2402(a).

3

1  whether petitioner would be granted parole before the expiration of his life. Regardless, speculative or not, *In re Butler* deals only with state administrative law and the procedures to be followed by the BPH.

Petitioner's argument that the BPH violated state law and procedures in setting his base term only raises an issue of state law as is his argument that the state law is unsettled. As set forth in *Swarthout* the federal due process protections do not include adherence to California procedures. Challenges to the BPH's enactment of state laws and procedures must be presented in state court. Petitioner presented his claims in state court but his challenges were all denied. This court cannot overrule state court decisions or find that California courts incorrectly interpreted state law.

Regardless, petitioner's claim appears to allege that under state law he has already exceeded the maximum amount of time he should have served; therefore, he should be released. Yet, petitioner was sentenced to a term with the possibility of life in prison so there is a chance that he will never be paroled. Petitioner is informed that the base term is simply a starting point, and his "adjusted period of confinement" will consist of his base term plus "any adjustments." Cal Code Regs. tit. 15, § 2411(a). Such adjustments may be made for use of or being armed with a weapon, causing great loss, prior prison term(s), multiple convictions, and other factors such as pattern of violence, numerous crimes or crimes of increasing seriousness, the defendant's status at the time (e.g., on parole or probation), as well as other aggravating factors. Cal. Code Regs. tit. 15, §§ 2406–2409. These are matters for the BPH to consider at petitioner's next parole suitability hearing. The BPH does not sentence petitioner; only the sentencing court can do that. The BPH cannot revise sentences; it can only act within California law to set parole dates, if prisoners sentenced to an indeterminate term are found suitable for parole at all.

Petitioner's other claims regarding an unauthorized sentence and a constitutionally disproportionate prison term appear to be either untimely or they would represent a successive or second petition. Regardless, petitioner fails to present a viable claim that

4

his original sentence or denial of parole violated federal law or the Constitution. Petitioner was sentenced to a possibility of life in prison for robbery, kidnapping and rape. Petitioner has not identified any authority that such a sentence for robbery, kidnapping and rape violates the Eighth Amendment. His sentence is consistent with state law and is not excessive or disproportionate under clearly established Supreme Court authority. *See Ewing v. California*, 538 U.S. 11, 23 (2003) ("'Eighth Amendment does not require strict proportionality between crime and sentence'"; "'[r]ather, it forbids only extreme sentences that are "grossly disproportionate" to the crime'"); *see also Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991) (upholding sentence of life without the possibility of parole for possession of 672 grams of cocaine by first time offender); *Lockyer v. Andrade*, 538 U.S. 63, 73-77 (2003) (affirming 25 years to life sentence under Three Strikes law for petty theft of $153.54 worth of videotapes). These Supreme Court decisions indicate that the term petitioner has served to date for his crimes is not so disproportionate as to violate the Eighth Amendment or due process.

## CONCLUSION

1. The petition is **DISMISSED** with prejudice for the reasons set forth above. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

2. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 19, 2019

PHYLLIS J. HAMILTON
United States District Judge

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERNARD O. JACKMON,

        Plaintiffs,

v.

CRAIG KOEING,

        Defendants.

Case No.: 18-cv-07346-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that:

(1) I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California; and

(2) On 3/19/2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's office.

Bernard O. Jackmon ID: D-74300
Correctional Training Facility-Soledad BW341
P.O. Box 689
Soledad, CA 93960

Dated: 3/19/2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to
the Honorable Phyllis J. Hamilton

*Service_Certificate _CRD*
*rev. August 2018*